UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| LAURICE GILBERT, | : | |
| --- | --- | --- |
| | : | Case No. 1:19-cv-2968 |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | OPINION & ORDER |
| WARDEN NEIL TURNER, | : | [Resolving Doc. 6] |
| Respondent. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 23, 2019, Laurice Gilbert petitioned for habeas corpus relief under 28 U.S.C. § 2254.[1] In response, Warden Neil Turner moved to transfer this case to the Sixth Circuit, arguing that Gilbert's petition is a second or successive petition under 28 U.S.C. § 2244(b)(3).[2]

Because the Court agrees that Gilbert's petition is a successive petition, the Court **TRANSFERS** this case to the Sixth Circuit.

## I. Background

In 2007, an Ohio state jury convicted Petitioner Gilbert of two counts of aggravated murder and two counts of aggravated robbery, each with firearm specifications.[3] The state trial court sentenced Gilbert to 33 years to life in prison.[4] On direct appeal, a state appellate court reversed one aggravated robbery conviction and affirmed the other convictions.[5] The Ohio Supreme Court affirmed.[6]

---

[1] Doc. 1.
[2] Doc. 6. Petitioner did not respond to Respondent's motion to transfer.
[3] *State v. Gilbert*, 2009-Ohio-463 ¶ 2 (Ohio Ct. App. Feb. 5, 2009).
[4] *Id.*
[5] *Id.* ¶ 90.
[6] *State v. Gilbert*, 2009-Ohio-6543 ¶ 1 (Ohio 2009).

Case No. 1:19-cv-2968
Gwin, J.

In 2011, Gilbert petitioned for habeas corpus relief for his 2007 conviction.[7] This Court granted in part and denied in part Gilbert's petition.[8] Thereafter, the Sixth Circuit affirmed the Court's partial denial of Gilbert's petition but reversed the partial grant.[9]

On December 23, 2019, Gilbert filed the instant habeas petition, his second habeas petition seeking relief from his 2007 conviction.[10] This time, Gilbert asserts three grounds arising out of a state court's adjudication of his 2016 motion for a new trial.[11]

On January 27, 2020, Respondent moved to transfer this case to the Sixth Circuit.[12] Gilbert did not file a response to the motion to transfer.

## II. Discussion

Under 28 U.S.C. § 2244(b)(3), a prisoner seeking to file a second or successive habeas petition must first request an order from the court of appeals authorizing the district court to entertain the petition.[13] If the prisoner files the successive petition in the district court without court of appeals authorization, the district court must transfer the motion to the court of appeals.[14]

Gilbert's instant petition is his second attempt to invalidate the 2007 judgment authorizing his confinement.[15] Therefore, Gilbert's instant petition is a second or successive habeas petition under 28 U.S.C. § 2244(b)(3).

---

[7] *Gilbert v. Tibbals*, No. 1:11-CV-558, 2013 WL 2456365 (N.D. Ohio June 5, 2013).
[8] *Id.*
[9] *Gilbert v. Tibbals*, 593 Fed. Appx. 494 (6th Cir. 2014).
[10] Doc. 1.
[11] Doc. 1-2.
[12] Doc. 6. Petitioner did not respond to Respondent's motion to transfer.
[13] A "second" or "successive" habeas corpus petition is one that "attempt[s] to invalidate the judgment authorizing the petitioner's confinement" and which the petitioner has already challenged in a federal habeas petition. *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (citing *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010)).
[14] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).
[15] *See Gilbert*, 2013 WL 2456365.

-2-

Gilbert has not argued or presented evidence that the Sixth Circuit has authorized him to file a successive habeas petition.

### III.  Conclusion

For the reasons stated above, the Court **TRANSFERS** Gilbert's successive § 2254 habeas petition to the Sixth Circuit for consideration.

IT IS SO ORDERED.

Dated: March 16, 2020  　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE